FERRIS v. STRONG *et al.*

He who so far joins to form an association as to be entitled to profit, is not to leave it when failure threatens and no consideration accrues.

Where a voluntary association obtains an act of incorporation, one of the associates, who is interested and aids in obtaining it, cannot affect, enjoin or otherwise act to dissolve the company in chancery, except under some of the provisions and for some one of the causes embraced by the R. S. against corporations, their directors or officers.

THE complainant was interested in the Williamsburgh Ferry Company as one of the original associates and shareholders. He claimed to have a right to restrain its operations and to have the affairs wound up, on the ground of loss and want of solvency.

*June* 8, 14, 22, 26. 1837.

*Associa-tion.*

An order had been granted for the managers to show cause why an injunction should not issue.

*Corpora-tion.*

The company, under its corporate name, was not before the court as a party.

Several affidavits were read in showing cause; but, from the view the court took of the case, it is unnecessary to revert to them.

Mr. *Bogardus* and Mr. *D. B. Ogden*, for the complainant.

Mr. *John L. Graham*, Mr. *Sandford* and Mr. *M. Hoffman*, for defendants.

THE VICE-CHANCELLOR:—Under the original articles of association to which the complainant was a party, he would not be entitled, as a matter of course, to the interference of this court to dissolve and close up the concern. The articles provide how he might retire. The shares being personal property and held in severalty, each associate is at liberty to sell out his share and a purchaser could be admitted in his place, or if not admitted, the sale or other disposition of the share could be

*July* 10.

made.   So a share might be forfeited on non-payment of calls, but this was at the option of the company.

It is laid down, that no man who shall have so far interfered in the formation of a company as to be entitled to share the profits, if there be any, shall, on the prospect of failure be permitted, of his own free will and pleasure and without consideration to withdraw himself from the undertaking : Collyer, 640.

Upon this principle, the case of the *Kidwelly Canal Company* v. *Raby*, 2 Price, 93, was decided.   But the present case no longer depends upon the effect of the articles of association.   They are merged in the act of incorporation obtained from the legislature on the 3d April, 1837.   The property of the association thereby became corporate property, and I think vested in the corporation, when a majority or *quorum* of the association accepted the charter and organized under it on the eighth day of May, one thousand eight hundred and thirty-seven.   From that time, likewise, the complainant must be deemed a corporator.   He united with the other associates in the application for a charter, and his name is inserted in the act as one of the corporators and first directors.

When the company organized under the charter, he expressed no dissent and although it appears from the minutes he was not present at the meeting, he must nevertheless be considered as acquiescing in the acceptance of the charter, and is not now at liberty to repudiate it.

This act of incorporation, then, having gone into effect and the corporation having, as I consider, become vested with the management of the property and affairs of the Ferry Company, this court can only interfere upon some of the grounds specified in the revised statutes, either against the directors or officers personally : 2 R. S. 462, § 33, 35, or against the corporate body itself for a dissolution : Ib.  463, § 38 ; Ib.  467, § 58.

When the application is to dissolve or wind up the affairs of a corporation, it is certainly necessary to make the corporation a party : *Verplanck* v. *The Mercantile Insurance Company of New-York*, 2 Paige's C. R. 438.

This bill, in that respect, is so far defective.   It does not

proceed against the corporation, but against the individual corporators to restrain them from transferring the property of the company to the corporate body and for a receiver and sale, &c. The bill does not make out a case under the statute of any breach of duty or violation of trust on the part of the defendants. Nor, if it were amended by making the corporate body a party, would it be a case for dissolving the corporation. I consider the court cannot interfere.

Motion for an injunction denied.